UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MITTIE A. OWEN                                                          PLAINTIFF

v.                                      No. 5:22-CV-05223

TRANSPLACE, LLC and
TRANSPLACE TEXAS, LP                                          DEFENDANTS

**OPINION AND ORDER**

Before the Court is Defendant Transplace Texas, LP's ("Transplace")[1] motion (Doc. 16)

to exclude evidence of Plaintiff's wage and benefit loss damages and brief (Doc. 17) in support.

Plaintiff Mittie Owen filed a response.  (Doc. 18).  Transplace replied.  (Doc. 22).  For the reasons

set forth below, the motion will be GRANTED.

**I.    Background**

Ms. Owen sued Transplace in state court, alleging sex-based pay discrimination and

retaliation in violation of the Equal Pay Act of 1963, Title VII, and the Arkansas Civil Rights Act;

disability discrimination and retaliation in violation of the Americans with Disabilities Act and the

Arkansas Civil Rights Act; and Family and Medical Leave Act interference.  (Doc. 3).  Transplace

removed this action to federal court.  (Doc. 2).

Ms. Owen's claims arise from her employment with Transplace, which lasted from June

2015 to July 2021, when she was terminated.  (Doc. 3, ¶¶ 16, 41).  Transplace seeks to prevent

Ms. Owen "from presenting any evidence of her claimed wage loss and benefit damages at trial."

(Doc. 17, p. 2).  Among other damages, Ms. Owen seeks "loss of employment compensation past

---

[1] According to Transplace, defendant Transplace LLC is not a proper defendant in this case
because it never employed Ms. Owen.  (Doc. 16, p. 1).  Ms. Owen also did not serve Transplace
LLC with the complaint.  *Id.*

1

and the benefits associated therewith" and "loss of employment compensation future and the benefits associated therewith."  (Doc. 3, ¶ 90).  Transplace moves under Federal Rule of Civil Procedure 37 to prevent Ms. Owen from presenting evidence supporting those damages because Ms. Owen failed to provide a damages computation and the evidence supporting such a computation as part of her mandatory disclosures.  *See* Fed. R. Civ. P. 26(a).

Ms. Owen provided her initial disclosures on February 15, 2023.  For her damages computation, she stated:

> Loss of Employment and Lack of Equal Pay – Plaintiff was without work or earning less money than that which she earned for a long period following her termination. That calculation is being performed and shall be supplemented. Plaintiff also seeks damages for her equal pay claim in the amount of the difference in pay she received compared to her male counterparts. To the extent available, Plaintiff also reserves the right to seek damages for emotional distress, anxiety, and mental anguish and shall further supplement this disclosure for the amount claimed. Plaintiff further shall seek punitive damages as allowed by law and set by a jury, along with attorneys' fees and costs.

(Doc. 17, pp. 2–3).  Ms. Owen never supplemented that computation, so Transplace served interrogatories and requests for production seeking the computation and evidence supporting the computation on April 13, 2023.  *Id.* at 3–4.

Through interrogatories, Transplace asked Ms. Owen to "[s]tate the amount and source of all income and fringe benefits you have received since July 2, 2021."  *Id.* at 3.  Ms. Owen responded on May 18, 2023, "I have only received income from Owen Truck Lines since July 2021.  I am compiling my tax returns to evidence my income during that time."  *Id.*  Transplace also served an interrogatory asking for Ms. Owen's damages computation because she had not supplemented her initial disclosures.  *Id.*  She stated in part:

> Loss of wages would be calculated by comparing my compensation earned from July 2021 through the date of trial versus that which I would have received as a properly compensated General Manager at Transplace.  Prior to my termination, the damages under the equal pay act claim would be equal to the difference in the

> pay I received versus what equivalent males were paid.  Because that determination
> has not been made on discovery or otherwise, I estimate compensation damages to
> be equal to or greater than $250,000.00.  (back pay of $75,000 per year loss of
> employment compensation, $50,000 per year while employed for equal pay claim).
> I also seek front pay in the amount of two years salary which should have been
> $125,000.00 per year.

*Id.*  Transplace's requests for production asked for "Documents showing all income, regardless of

purpose, and the source of all income you have received since July 1, 2021" and "W-2 forms and

tax transcripts (or complete tax returns) for the years 2018 through the present."  *Id.* at 4.  Ms.

Owen stated she was compiling the information and would supplement her responses.  *Id.*

Transplace attempted to secure relevant documents by serving a subpoena on Owen Truck

Lines, LLC, which is owned by Ms. Owen and her husband and where she has worked since her

termination.  (Doc. 17, p. 4 n.3).  Owen Truck Lines' attorney was never able to provide

documents.  Eventually, Ms. Owen produced tax returns from 2017 to 2022, but her "tax returns"

for 2021 and 2022 were just applications for extensions of time to file returns.  *Id.* at 5.  Ms. Owen

did not produce any other documents before her deposition.  At her deposition, Ms. Owen testified

she had documents from Owen Truck Lines about her pay and that she would produce them.  (Doc.

16-2, p. 3).  Ms. Owen also testified that she could not calculate back pay or the value of her lost

benefits because she did not know what other people at Transplace were making.  *Id.* at 4.  Despite

not knowing what others at Transplace made, Ms. Owen never sought the answer to this question

in discovery.  (Doc. 16, p. 6).

After Transplace filed this motion, Ms. Owen finally produced three pages of pay records

from Owen Truck Lines.  (Doc. 22, p. 1–2).  The records reveal that from January to July 2022

and in January 2023 she earned approximately $25,000.  *Id.*  This is different from the amount she

shared in her deposition, where she estimated she made about $50,000 to $55,000 since she last

worked at Transplace.  (Doc. 16-2, p. 3).  Transplace maintains that even with the documents, Transplace cannot figure out how Ms. Owen calculated her damages.

## II.  Analysis

Rule 26(a)(1)(A)(iii) requires a party to provide, without awaiting a discovery request, "a computation of each category of damages claimed" and "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of the injuries suffered."  "Because Rule 26 is intended to eliminate surprise and promote settlement, courts have held that a 'plaintiff should provide more than a lump sum statement of the damages allegedly sustained.'"  *Carmody v. Kan. City Bd. of Police Comm'rs*, 2012 WL 12896525, at *3 (W.D. Mo. Aug. 27, 2012) (citing *City & Cnty. of S.F. v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003)).  "Specifically, the computation requirement 'contemplates some analysis . . . .'"  *Id.* (citing *Silicon Knights, Inc. v. Epic Games, Inc.*, 2012 WL 1596722, at *4 (E.D.N.C. May 7, 2012)).  "Indicating how [d]efendants can compute the alleged damages based on discovery provided does not satisfy the Rule 26 computation requirement."  *Curtis v. Daviess-Dekalb Reg'l Jail Dist.*, 2009 WL 3382930, at *1 (W.D. Mo. Oct. 19, 2009).

If a party fails to provide this damages computation and documents in support as required by Rule 26(a), "the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "Where a party fails to make a timely disclosure, Federal Rule of Civil Procedure 37(c)(1) provides the district court with the authority to exclude the late-disclosed materials or to fashion a lesser penalty than total exclusion."  *Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 771 (8th Cir. 2020)  "In fashioning a remedy, courts should consider 'the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or

testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony.'" *Zick v. Paccar, Inc.*, 47 F.4th 672, 677 (8th Cir. 2022) (quotation omitted).  Lastly, "Rule 37(c)(1) does not require a party to first confer with the other party about whether the other party's evidence should be excluded." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 707 (8th Cir. 2018)

Ms. Owen failed to make a timely disclosure of her damages computation.  Ms. Owen argues her interrogatory response from May 18, 2023 (quoted above) put "Defendants on notice of the extent and amount of her damages claim values." (Doc. 18, p. 1).  Ms. Owen's estimate is a lump sum, unsupported by analysis or documentary evidence.  Ms. Owen also suggests that her computation was sufficient because "Defendants know what Plaintiff's last rate of pay and commissions were." (Doc. 18, p. 2).  As noted above, however, a plaintiff must do more than show the defendants how they can compute damages based on discovery.  *Curtis*, 2009 WL 3382930, at *1.  Ms. Owen's estimate was insufficient because it was a lump sum estimate, she did not provide any evidence before discovery closed supporting her estimate, and even in her deposition, she testified that she could calculate her backpay or her lost benefits.

Ms. Owen's estimate was also untimely, as it was her responsibility to supplement her estimate, not Transplace's to request the computation in discovery.  *See* Fed. R. Civ. P. 26(a)(1)(A) ("a party must*, without awaiting a discovery request*, provide to the other parties . . . a [damages computation]") (emphasis added).  Moreover, Ms. Owen did not provide any documents supporting her damages until this motion was filed weeks after discovery closed.[2]  (Doc. 22, p. 1–2).  "Under Federal Rule of Civil Procedure 26(a), the 'failure to disclose [a damages

---

[2] Discovery closed July 17, 2023 (Doc. 12), this motion was field August 4, 2023, and Ms. Owen did not produce her pay documents until August 18, 2023 (Doc. 22, p. 1).

computation][3] in a timely manner is equivalent to a failure to disclose.'" *Vogt*, 963 F.3d at 771 (quotation omitted). Based on this, Ms. Owen's damages computation is both insufficient and untimely.

Ms. Owen has not sufficiently explained how her failure was substantially justified or harmless, so the exclusion of her wages and damages evidence is mandatory. *See Vanderberg*, 906 F.3d at 705 ("Under Rule 37(c)(1), exclusion occurs automatically by operation of the rule; the rule permits, but does not require, the imposition of an alternative sanction on a party's motion."). Ms. Owen's sole argument is that trial is three months' away, so the delay is harmless. But Ms. Owen ignores the fact that the discovery deadline has passed. This prejudices Transplace because it cannot conduct further discovery into the new documents or depose Ms. Owen about her current wages. Also, Transplace points out the wage documents were printed July 17, 2023 but not produced until a month later. Ms. Owen has not explained why it took a month after her deposition to produce these documents. In similar circumstances, a district court has excluded evidence because the only way to remedy the prejudice to the defendant would be "continuing the trial and re-opening discovery, which would unnecessarily delay [the] case, burden the Court's docket, and tax judicial resources." *Byrd v. Allstate Ins. Co.*, 2020 WL 2513678, at *3 (W.D. Ark. May 15, 2020). Altogether, the Court concludes that Ms. Owen has not shown that her deficient disclosures were substantially justified or harmless. Ms. Owen has also not requested a lesser sanction, so Rule 37(c)(1) requires exclusion of the evidence. *Vanderberg*, 906 F.3d at 705.

---

[3] In *Vogt*, the court discussed the failure to timely disclose expert materials. 963 F.3d at 771. The Court has inserted the "a damages computation" because that is the relevant mandatory disclosure under Rule 26(a) at issue here.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 16) to exclude Plaintiff's wage and benefit loss damages is GRANTED.  The Court will exclude any evidence of Ms. Owen's wage and benefit loss damages.

IT IS SO ORDERED this 30th day of August, 2023.


/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE